■ In the Matter of IMANI G., a Child Alleged to be Abused and/or Neglected. PEDRO G. et al., Appellants; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [13 NYS3d 61]—Order of disposition, Family Court, New York County (Clark V. Richardson, J.), entered on or about August 19, 2014, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about August 19, 2014, which found that respondent father had sexually abused the subject child and that respondent paternal grandmother had neglected the child, unanimously affirmed, without costs. Appeals from fact-finding order unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.

The court's findings that the father had sexually abused the child in violation of various sections of article 130 of the Penal Law, and that the paternal grandmother had neglected her by failing to take action when the child reported the sexual abuse, are supported by a preponderance of the evidence, including the sworn testimony of the child, which the court found credible (*see* Family Ct Act § 1012 [e] [iii]; [f] [i] [B]). There is no basis to disturb the court's credibility determination (*see Matter of Irene O.*, 38 NY2d 776, 777 [1975]; *Matter of Daniela R. [Daniel R.]*, 118 AD3d 637, 637 [1st Dept 2014]). The child's testimony was competent evidence and was not required to be corroborated by other evidence (*see Matter of Marelyn Dalys C.-G. [Marcial C.]*, 113 AD3d 569 [1st Dept 2014]). In any event, the child's testimony was corroborated by medical records, which included the child's similar account of the sexual abuse and stated that she had symptoms of depression, anxiety and post-traumatic stress disorder.

We have considered the father's and grandmother's remain-

ing contentions and find them unavailing. Concur—Tom, J.P., Andrias, Feinman, Gische and Kapnick, JJ.